**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TYRONE S. EVANS,** | ) | **CASE NO. 1:24-CV-01077-DCN** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REVISED REPORT AND RECCOMENDATION.** |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #10), issued on March 28, 2025, is hereby, ADOPTED by this court.

On June 25, 2024, Plaintiff Tyrone Evans filed a complaint in this Court challenging the final decision of the Social Security Administration, which denied his application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. (ECF #1). The case was referred to Magistrate Judge Greenberg pursuant to automatic referral under Local Rule 72.2(b) for a Report and Recommendation. (Non-Docket Entry Related to ECF #3).

Magistrate Judge Greenberg recommends that Plaintiff Evans' IFP application be denied because the decision of the Administrative Law Judge ("ALJ") was consistent with the substantial evidence standard, required by Step Three of the Sequential Evaluation, and complied with the Remand Order. First, the ALJ correctly exercised his discretion by finding that Plaintiff Evans did not meet the requirements of Listing 12.04, regardless of evidence to the contrary. This decision falls within the ALJ's "zone of choice" authorized by the substantial evidence

standard. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir.1994). Second, the ALJ complied with the Remand Order by further considering the medical opinions and prior administrative findings in compliance with the provisions of 20 CFR 404.1520c. (Transcript 1414-15). The ALJ considered the supportability and consistency of the opinions, given by both the state agency reviewing psychologists and Dr. Amin, finding that Dr. Amin's findings were unsupported by the claimant's regular activities. *Id.* Accordingly, Magistrate Greenberg found no error in the findings of the ALJ.

## STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether an objection was made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit); *Combs v. ICG Hazard, LLC,* 934 F. Supp. 2d 915, 932 (E.D. Ky. 2013) ("Failure to make timely objection, properly raised, consistent with the statute and Rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.").

Mr. Evans has not filed any objection to the Magistrate Judge's March 28, 2025 Report and Recommendation recommending denial of his IFP application. Nonetheless, the Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven*

*Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation in its entirety. The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 24, 2025